**DONOVAN PARRY McDERMOTT & RADZIK**
Wall Street Plaza
88 Pine Street - 21st Floor
New York, New York 10005-1801
Attorneys for Plaintiff,
(212) 376-6400


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
SIEMENS CORPORATION d/b/a CTI               **ECF CASE**
MOLECULAR IMAGING, INC.,
                                             05 Civ. 0403 (RJH)
                    Plaintiff,
                                             **COMPLAINT**
        - against -

KUEHNE & NAGEL, INC.,

                    Defendant.
------------------------------------------------------------------X

Plaintiff, by its attorneys, DONOVAN PARRY McDERMOTT & RADZIK, alleges upon information and belief, as follows:

1. This civil action is within the original jurisdiction of this Court under 28 U.S.C. §1331 as the Interstate Commerce Act, 49 U.S.C. §§10101, *et. seq.* provides the basis of Plaintiff's claims.

2. This civil action is within the original jurisdiction of this Court under 28 U.S.C. §1332 as the parties are diverse and the amount in controversy is at least $75,000.00.

3. At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and office and place of business stated in Schedule "A", hereto annexed, and by this reference made a part hereof.

4. At and during all the times hereinafter mentioned, Defendant had and now has the legal status and office and place of business stated in Schedule "A", and were and now are engaged in business as a common carrier for hire of merchandise.

5. This Court has personal jurisdiction over the Defendant, by reason of Defendant' regular and systematic contacts with the State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION

6. Plaintiff repeats, reiterates and realleges Paragraphs "1" through "6" with the same force and effect as if fully set forth herein.

7. On or about the date and at the place of shipment stated in Schedule "A", there was shipped by the shipper therein named and delivered to Defendant, as common carriers, the shipment described in Schedule "A" then being in good order and condition, and Defendant then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of destination stated in Schedule "A", and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedule "A".

8. Thereafter, Defendant failed to make delivery of the shipment in same good order and condition as received all in violation of Defendant **Kuehne & Nagel Inc.'s** obligations and duties as a common carrier for hire of merchandise.

9. Plaintiff was the consignee or owner of the subject shipment and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

10. By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the amount of $850,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

11. Plaintiff repeats, reiterates and realleges Paragraphs "1" through "11" with the same force and effect as if fully set forth herein.

12. On or about the date and at the place of shipment stated in Schedule "A", Defendant received the shipment described in Schedule "A", then being in good order and condition, as Bailees.

13. Thereafter, Defendant failed to preserve the property, the shipment described in Schedule "A", and instead allowed the property to become damaged in violation of Defendant **Kuehne & Nagel Inc.'s** contractual and/or implied-in-fact contractual obligations and duties.

14. Plaintiff was the bailor of the subject shipment and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their

respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

15. By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $850,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION

16. Plaintiff repeats, reiterates and realleges Paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

17. On or about the date and at the place of shipment stated in Schedule "A", Defendant received the shipment described in Schedule "A", then being in good order and condition.

18. Thereafter, Defendant, by their negligence caused the shipment described in Schedule "A", to become damaged in violation of Defendant **Kuehne & Nagel Inc.'s** obligations and duties owed to the Plaintiff.

19. Plaintiff was the consignee or owner of the subject shipment and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

20. By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $850,00000.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendant cannot be found within this District, then all their property within this District as shall be attached in the sum of $850,000.00, with interest and costs and the disbursements of this action;

3. That Judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of $850,000.00, together with interest and costs and the disbursements of this action;

4. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      January 14, 2005

                    DONOVAN PARRY McDERMOTT & RADZIK
                    Attorney for Plaintiff, SIEMENS CORPORATION
                      d/b/a CTI MOLECULAR IMAGING, INC.

BY: _/s/ Edward C. Radzik_____
      EDWARD C. RADZIK (ER-2473)
      Wall Street Plaza
      88 Pine Street
      New York, New York  10005-1801
      (212) 376-6400
      (FILE: 66-04-02 ECR)

[ECR:pm]

## SCHEDULE A

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff, **Siemens Corporation d/b/a CTI Molecular Imaging, Inc.,** was and now is a corporation organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business at 810 Innovation Drive, Knoxville, TN 37932-2571.

**Defendant's Legal Status and Office and Place of Business:**

Defendant, **Kuehne & Nagel,** was and now is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country, with an office and place of business at 10 Exchange Place, Jersey City, NJ 07302, and 156-15 146th Avenue, Jamaica, NY 11434.

| | | |
|---|---|---|
| AWB No. | : | 810-9413 1483 SJU/ATL<br>OB M6817/03 |
| HAWB No. | : | SJU 600117073 |
| Shipper | : | Somascan, Hato Rey, P.R. |
| Consignee | : | CTI, Inc. Knoxville, TN |
| Description | : | Diagnostic Imaging Equipment |
| Nature | : | Transit Damage due to shipment being shipped on its side rather than upright in contravention to Shipper's Instructions |
| Amount | : | $850,000.00 |
| DPM&R File | : | 45-04-66 ECR |